UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7368 CAS (SSx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | JOSEPH KELLY v. BOSTON SCIENTIFIC CORP. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:	Attorneys Present for Defendants:

Not Present	Not Present

**Proceedings:** **(In Chambers:) DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST EXECU-SYS, LTD. PURSUANT TO FED. R. CIV. P. 14(a)** (filed 4/6/2012)

## I.	INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

Plaintiff Joseph Kelly filed the instant suit against defendant Boston Scientific Corporation ("BSC") in the Los Angeles County Superior Court on August 1, 2011, alleging violations of labor laws, wage and hour laws, breach of contract, and fraud. Defendant timely removed the action to this Court on the basis of diversity of citizenship. See Dkt. No. 1. Thereafter, plaintiff filed several amended complaints. The operative second amended claim ("SAC") removes the claims for breach of contract and fraud, and asserts only that defendant required plaintiff to work in violation of California Labor Code §§ 510(a) and 1194(a) without the proper payment of overtime. SAC ¶ 9.

On April 6, 2012 defendant filed a motion for leave to file a Third Party Complaint against Execu-sys, Ltd. ("ESL") pursuant to Fed. R. Civ. P. 14(a). ESL, a staffing agency, hired plaintiff to work at BSC as a contractor. BSC now seeks indemnification from ESL on the grounds that ESL was plaintiff's employer.

## II.	LEGAL STANDARD

Fed. R. Civ. P. 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7368 CAS (SSx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | JOSEPH KELLY v. BOSTON SCIENTIFIC CORP. | | |

"The decision whether to implead a third party defendant is within the sound discretion of the district court." Southwest Administrators, Inc. V. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

Courts consider the following factors when ruling on a motion for leave to file a Third Party Complaint: (a) prejudice to the original plaintiff; (b) complication of issues at trial;(c) likelihood of trial delay; and (d) timeliness of the motion to implead. Green Valley Corp. V. Caldo Oil Co., 2011 WL 1465883, at *8 (N.D. Cal. Apr. 18, 2011) (citations omitted).

## III.  DISCUSSION

Defendant argues that the Fed. R. Civ. P. 14 factors weigh in favor of permitting defendant to file a Third Party Complaint against ESL. Mot. at 5. Defendant contends that ESL falls within the definition of an "employer" of plaintiff thereby making ESL, at minimum, jointly and severally liable for any award of overtime pay to plaintiff. Id. at 6. Moreover, defendant argues that adding ESL as a party is the most efficient way to proceed because ESL's liability is derivative of defendant's potential liability to plaintiff. Id. at 8. Defendant asserts that forcing defendant to relitigate these issues in a separate action against ESL would waste the parties' and the Court's resources. Id.

Plaintiff contends that plaintiff made and resolved claims against ESL pursuant to a Release Agreement. Opp'n at 1. Accordingly, plaintiff asserts that there is no underlying claim for wages by the plaintiff against ESL. Id. Finally, plaintiff claims that BSC, not ESL, is plaintiff's employer because BSC was the company that supervised and controlled plaintiff's employment responsibilities. Id.

In reply, defendant argues that the release between plaintiff and ESL is not relevant to the instant motion because Rule 14(a) expressly allows defendants to bring their own claims against a nonparty for indemnification, regardless of whether the plaintiff chooses to assert any claims against the nonparty. Reply at 3 (citing Banks v. City of Emeryville, 109 F.R.D. 535 (N.D. Cal. 1985)).

The Court finds that it is appropriate to grant defendant leave to file a Third Party Complaint against ESL pursuant to Rule 14(a). Impleading ESL will not prejudice plaintiff because defendant seeks indemnification from ESL as plaintiff's joint employer. For the same reason, adding ESL as a party to this lawsuit at this stage of the litigation is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7368 CAS (SSx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | JOSEPH KELLY v. BOSTON SCIENTIFIC CORP. | | |

the most efficient way to proceed.  Furthermore, because ESL's liability is entirely derivative of defendant's liability, adding ESL as a party does not give rise to any new or complex issues that would delay trial.  Zero Tolerance Entertainment, Inc. v. Ferguson, 254 F.R.D. 123, 127–128 (C.D. Cal. 2008); Green Valley Corp., 2011 WL 1465883, at *8.

Thus, it is appropriate to permit defendant to bring ESL into this lawsuit as a Third Party Defendant under Rule 14(a).[1]

**IV. CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendant's motion for leave to file a Third Party Complaint against ESL.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] Whether  BSC or ESL is plaintiff's employer is irrelevant to the present motion because Rule 14 does not require that ESL be liable to the original plaintiff in order for defendant to proceed with its claim against ESL.  See, e.g., Banks v. City of Emeryville, 109 F.R.D. 535, 540 (N.D. Cal. 1985) ("It is permissible to implead third party defendants even if there is no basis for the third party defendants to be directly liable to the plaintiffs."); Bank of the West v. Estate of Leo, 231 F.R.D. 386, 389 (D. Ariz. 2005) ("Rule 14 does not bar a non-settling defendant [BSC] from bringing a third-party claim against a settling defendant [ESL].").  Accordingly, regardless of whether plaintiff released his claims against ESL, defendant has not released its right to indemnification from ESL.